JULY TERM, 1882, NOS. 153 AND 154.    JANUARY 19, 1883.

# Witmer, *et ux.*, *v.* The Co-operative Building and Loan Association.

1. In a *scire facias* upon a building association mortgage for $6,000, an affidavit of defense was filed, in which it was averred that the whole amount received from plaintiffs for and on account of said mortgage was $3,314; that $3,909 08 had been paid on account of said mortgage and interest; that allowing interest upon the amount received, there would appear to be a balance in favor of plaintiffs of $696 85, and that deponent believed, upon a proper statement of accounts being made, it would appear that the mortgage debt and interest had been nearly if not fully paid.    *Held*, that the affidavit was insufficient.

2. The statute against excess of interest does not apply to transactions of this character.

3. An averment of belief that, on a proper statement of account, it will appear that the mortgage and interest have been fully paid, is too general to give effect to the affidavit beyond the specific sums alleged to have been paid.

4. The Court may make the rule for judgment absolute, notwithstanding an interlocutory report of an auditor setting forth his inability upon the testimony before him to ascertain the amount due on the mortgage.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

[Witmer, *et ux.*, *v.* The Co-operative Building and Loan Association.]

Error to Court of Common Pleas, No. 3, of *Philadelphia County*.

*Scire facias  sur mortgage* by The Coöperative Building and Loan Association against Elam F. Witmer and Maria, his wife.

The mortgage upon which this suit was brought was a building association mortgage for the sum of $6,000, and was dated December 19, 1874.  It recited that it was conditioned for the payment of $6,000 lawful money at any time within one year from the date thereof, together with lawful interest in like money, payable on the second Monday of each and every month thereafter ; and that the mortgagees should also pay into the  said association the sum of thirty dollars on the second  Monday of each and every month thereafter, as and for the monthly contribution on thirty shares of capital stock  of the said association, owned by Elam F. Witmer, one of the defendants.   Said mortgage also provided " that if  at any time default should be made in the payment of interest on the said principal sum or the monthly contribution aforesaid, for the space of six months after any  payment thereof should become due and payable," then the whole principal debt aforesaid should, at the option of the said association, become due and payable, and payment of the said principal sum and all interest, as well as any contribution on said thirty shares of stock then due,  might be enforced and recovered at once.   The *scire facias* alleged a default in the payment of interest and of the monthly contributions for more than six months.

Elam F. Witmer, one of the defendants, filed an affidavit of defense, setting forth :

"That  the whole amount received from plaintiffs for and on account of said mortgage was the sum of $3,314, which amount was paid to this deponent in two separate payments, the last, to wit, the sum of $1,040, upon January 10, 1876.

That there has been paid by this deponent to said association, on account of said mortgage and interest, the sum of $3,909 08.

That allowing interest on the amount received for said mortgage from the date when received, there would appear to be a balance in favor of plaintiffs of $696 85.

That said association has not furnished to this deponent any statement of its condition for over three years although frequently demanded—that deponent believes that upon a proper statement of accounts being made it

[Witmer, *et ux.*, *v.* The Co-operative Building and Loan Association.]

will appear that said mortgage debt and interest has been nearly, if not fully, paid."

The affidavit of Maria Witmer, the other defendant, set forth the same facts with the further averment that the amount received from plaintiff "was paid to Elam F. Witmer, no part of which was ever received by this deponent."

The plaintiff took a rule to show cause why judgment should not be granted for want of a sufficient affidavit of defense, whereupon, after argument, the Court, on January 21, 1882, granted "judgment for amount admitted, said amount to be assessed by the prothonotary or his deputy, subject to exceptions." On February 18, 1882, the prothonotary assessed the damages at $3,665 07. Defendants then took a rule to reduce the assessment of damages, to support which depositions were taken. It was then referred to John I. Rogers, to report upon the amount due on the judgment. On May 13, 1882, the auditor filed an interlocutory report, being unable to decide the matter from the evidence submitted before him. The Court took no action upon this report, and on June 17, 1882, amended the record by making absolute the rule for judgment for want of a sufficient affidavit of defense, whereupon, on June 21, 1882, the prothonotary re-assessed the damages at $3,665 07.

Defendants then took out a writ of error, assigning for error the amendment of the record by making the rule absolute, and the granting of judgment against the defendants, notwithstanding the interlocutory report of the auditor to whom the Court had referred the cause to report upon the amount due on the judgment.

Case No. 154, between the same parties upon another mortgage for $2,000, was argued at the same time. The affidavit averred that deponent believed, upon a proper statement of accounts being made, it would appear that the mortgage debt and interest had been fully paid. The other facts and averments were the same, except as to amounts, as in No. 153.

*John A. Brown* and *Wm. H. Staake* for plaintiffs in error.

The inability of the court below to determine the amount due shows that the rule should not have been made absolute.

The affidavits of defense are sufficient, because they allege the facts which, if proved on the trial, would require the plaintiff to give evidence *dehors* the instrument:

[Witmer, *et ux., v.* The Co-operative Building and Loan Association.]

Purves *v.* Corfield, 1 Philada., 174; Hutchinson *v.* Boggs, 28 Penn. St., 294.

It warranted the legal inference of a full and legal defense: Bryar *v.* Harrison, 37 Penn. St., 233; Thompson *v.* Clark, 56 *Id.,* 33; Selden *v* Neemes, 43 *Id.,* 421; Bronson *v.* Silverman, 27 P. F. Sm., 94; Hemphill *v.* Eckfeldt, 5 Wh., 274; 1 Tr. & H. Pr., 380; Christy *v.* Bohlen, 5 Barr., 38; Chartiers R. W. Co. *v.* Hodgens, 77 Penna., 187; Conrad *v.* Rogers, 3 W. N. C., 157. The Court should have taken some action upon the interlocutory report of the auditor.

*E. C. Quin* for defendant in error.

The practice is to make the rule absolute when the Court considers the affidavit insufficient: 1 Tr. & H. Pr., 375. The reference to the prothonotary to assess damages was superfluous, as it was his duty to do so without the reference. The reference to the auditor gave the defendant extraordinary opportunities to show any mistakes: 1 Tr. & H. Pr., 375; Watkin *v.* Phillips, 2 Wh., 210; Bank *v.* Thayer, 2 W. & S., 448; Noble *v.* Laley, 50 Penn. St., 281. The depositions are no part of the record: George *v.* Assn., 36 Leg. Int., 126.

The averment that the whole amount received was $3,314 is not sufficient even between individuals: Bruner *v.* Wallace, 4 W. N. C., 53. In building association mortgages the difference between the amount received and the amount of the mortgage is bonus, which is protected by statute: Act 12, Apl., 1859, s. 4, Purd. Dig., 184; Act 29, Apl., 1874, s. 5, Purd. Dig., 1832; Act 10, Apl., 1879, P. L., 17; Ass'n *v.* Keller, 2 W. N. C., 29; Ass'n *v.* Neurath, 2 *Id.,* 95; Selden *v.* Ass'n, *Id.,* 481; Ass'n *v.* Mixell, 84 Penna., 313; Watkins *v.* Ass'n, 10 W. N. C., 414; Phillips *v.* Ass'n, S. C., July T., 1878, No. 125.

The averment that $3,909 08 was paid on account of said mortgage and interest is vague and uncertain: Peck *v.* Jones, 70 Penn. St., 83; Phillips *v.* Ass'n, *supra;* Fisher *v.* Stokes, 1 Tr. & H. Pr., 379; Fluck *v.* Hope, 1 W. N. C., 42; Belcher *v.* Zane, 1 W. N. C., 42; Baird *v.* Adams, *Id.,* 144. The defendants having been allowed this credit, they have no right to complain.

The averment that there appears to be a balance of $696 85 does not include the premium to which plaintiff is entitled, and does not state the balance with certainty: Saving Fund *v.* Morrison, 1 W. N. C., 282; Cummings *v.* Bleim, *Id.,* 432; Ass'n *v.* Bertolet, *Id.,* 472; Bank *v.* Muller, 2 *Id.,* 50.

[Young's Appeal.]

It is not alleged that it is the duty of the association to furnish a statement of its condition : Lord *v.* Ocean Bank, 20 Penn. St., 387. The affidavit should be taken least favorably to the party making it : Marsh *v.* Marshall, 53 Penn. St., 396 ; Blackburn *v.* Ormsby, 41 Penn. St., 97.

Even if the report of the auditor had been in favor of defendants, it could have been set aside by the Court.

JANUARY 29, 1883.—PER CURIAM : The statute against excess of interest does not apply to transactions of this character. The specific sum averred in each affidavit of defense, to have been paid, was allowed and applied as a payment on the mortgage. The further averment of belief that, on a proper statement of accounts, it would appear in one case that the whole mortgage had been paid, and that the other was nearly, if not fully, paid, was, in each case, too general to give effect to the affidavit beyond the specific sums alleged to have been paid.

Judgment affirmed in each case.